IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAMS FIELD SERVICES COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY S. KALMANOWICZ and ANITA L. KALMANOWICZ, his wife, <br><br> Defendants. | CIVIL ACTION NO. 3:11-cv-1634 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court are the Plaintiff's Complaint (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 2). Because the Complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the Plaintiff timely amends. Furthermore, the Motion for the Temporary Restraining Order will be Denied for lack of subject matter jurisdiction.

### I. Background

Plaintiff Williams Field Services Company, LLC ("Williams") filed its complaint against Anthony S. Kalmanowicz and his wife, Anita L. Kalmanowicz, invoking the Court's jurisdiction on the basis of diversity of citizenship. The Complaint alleges that "Anthony S. Kalmanowicz and Anita L. Kalmanowicz reside at and own property located in Wyoming County in Tunkhannock, PA 18657." (Doc. No. 1 at ¶ 14) It also alleges that "Williams is a Delaware limited liability company with a principal place of business in Tulsa, Oklahoma." (*Id.* at ¶ 10)

Plaintiffs have made a Motion for a Temporary Restraining Order pursuant to Federal Rules of Civil Procedure 65. (Doc. No. 2). The Motion seeks to enjoin the defendants from

interfering with the Plaintiff's access and utilization of Plaintiff's alleged easement.

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

### 1. Citizenship of the Defendants

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir.

2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Here, the plaintiffs fail to allege the citizenship of the Defendants. The Court is informed of the state in which the defendants "reside and own property." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

### 2. Citizenship of Williams Field Services Company, LLC

Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction as it insufficiently alleges the citizenship of the Plaintiff limited liability corporation. Specifically, the Complaint declares that Williams is a "Delaware limited liability company with a principal place of business in Tulsa, Oklahoma." (Doc. No. 1 at ¶ 10) These are the

necessary averments to determine the states of citizenship of a corporation. *See* 28 U.S.C. § 1332(c)(1). However, LLC denotes not a corporation, but a limited liability corporation, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'").

As the complaint fails to allege facts regarding the citizenship of either party, the Court cannot determine whether complete diversity of citizenship exists between the parties and the case is subject to dismissal. However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted to properly allege the citizenship of each party and thereby show the Court that it can properly exercise subject matter jurisdiction. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### 3. Temporary Restraining Order

"In the absence of a complaint . . . setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction." *Greene v. Phila. Hous. Auth.*, No. 11-MC-60, 2011 WL 1833011 (E.D. Pa. May 11, 2011) (citing *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007)).

As established above, Plaintiff's complaint fails to properly establish the subject matter jurisdiction of this Court. As such, this Court lacks the jurisdiction to grant the requested Temporary Restraining Order.

### III. Conclusion

The Complaint fails to show the existence of subject matter jurisdiction. Therefore, this Court will deny Plaintiff's Motion for a Temporary Restraining Order. However, the Plaintiff will be given an opportunity to amend its complaint to show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

_August 31, 2011_  
Date

_/s/ A. Richard Caputo_  
A. Richard Caputo  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAMS FIELD SERVICES
COMPANY, LLC,

    Plaintiff,

    v.

ANTHONY S. KALMANOWICZ
and ANITA L. KALMANOWICZ,
his wife,

    Defendants.

NO. 3:11-CV-1634

(JUDGE CAPUTO)

## ORDER

NOW, this 31st day of August, 2011, **IT IS HEREBY ORDERED** that:

1) Plaintiff's petition for a Temporary Restraining Order (Doc. 2) is **DENIED**.

2) Within twenty-one (21) days of the date of this Order, the Plaintiff may file an amended complaint.

2) The Plaintiff's failure to file an amended complaint will result in dismissal of this action.

                                                      A. Richard Caputo
                                                      United States District Judge