**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAMS FIELD SERVICES
COMPANY, LLC,

     Plaintiff,

        v.

ANTHONY S. KALMANOWICZ
and ANITA L. KALMANOWICZ,
his wife,

     Defendants.

CIVIL ACTION NO. 3:11-cv-1634

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is the Plaintiff's Amended Verified Complaint (Doc. No. 7)

Because the Amended Complaint fails to adequately plead the existence of subject matter

jurisdiction, the action will be dismissed unless the Plaintiff timely amends.

### I. Background

On August 31, 2010, Plaintiff Williams Field Services Company, LLC ("Williams")

brought its initial complaint against Anthony S. Kalmanowicz and his wife, Anita L.

Kalmanowicz, invoking the Court's jurisdiction on the basis of diversity of citizenship.  That

same day, this Court gave leave to Plaintiff to file an amended complaint for failure to

properly allege subject matter jurisdiction.  In pertinent part, Plaintiff's Amended Complaint

alleges that:

> The only member of [Williams Field Services Co, LLC] is Williams Field
> Services Group, LLC.  The only member of Williams Field Services Group,
> LLC is Williams Partners Operating, LLC. The only member of Williams
> Partners Operating, LLC is Williams Partners L.P.  Williams Partners L.P. is
> a publicly traded master limited partnership, ticker symbol WPZ.  The general
> partner of Williams Partners L.P. is Williams Partners GP LLC.  Williams
> Partners GP LLC is a wholly owned subsidary of Williams Companies, Inc.

Each of these entities is a Delaware limited liability company, limited partnership or corporation with their principal places of business in Tulsa, Oklahoma.

(Doc. No. 7 at ¶ 11).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed. R. Civ. P. 12(h)(3).

The Amended Complaint fails to allege facts regarding the citizenship of the members

2

of Williams Field Services Co, LLC.  When considering the citizenship of an LLC, a court must consider the citizenship of its component members.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'").  Similarly, it is an "accepted rule that, as a partnership, [a limited partnership] is a citizen of each state or foreign country of which any of its partners is a citizen," including limited partners.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004); *Carden*, 494 US at 187; 1 Fed. Proc., L. Ed. § 1:165.  Finally, in evaluating the membership of an LLC, "each membership layer of a limited liability company must be analyzed to determine its citizenship."  *Weinstein v. Sleepy's Inc.*, 2008 WL 1809340 at *1 (D.N.J. April 22, 2008) (citing *Belleville Catering Co. v. Champaign Mkt. Place*, 350 F.3d 691, 693 (7th Cir.2003)).

Plaintiff has correctly amended its complaint to specify the component layers of ownership in Williams Field Services Co, LLC (Williams).  Specifically, Plaintiff alleges that Williams is comprised of two subsequent layers of LLCs, each serving as the sole member at its level.  However, above these sits Williams Partners L.P., a publically-traded master limited partnership.[1]  As it is necessary to determine citizenship of all component entities in order to evaluate the diversity status of an LLC, it is therefore necessary to determine the

---

[1]"A master limited partnership is a limited partnership whose interests (known as 'common units') are publicly traded." *Wood v. Walton*, No. WDQ-09-3398, 2010 WL 458574 at *1 n.3 (D.Md. Feb. 2, 2010) (citing Ann E. Conaway Stilson, The Agile Virtual Corporation, 22 Del. L. Corp. L. 497, 524-25 (1997)).  Thus, as a master limited partnership is an artificial entity of the sort referenced in *Carden*, 494 U.S. at 195, this Court sees no reason why limited partnership principles for diversity should not apply.

diversity status of Williams Partners L.P.  Furthermore, as an L.P., Williams Partners L.P. derives its citizenship status from the totality of its membership.  While Plaintiff alleges the citizenship of the general partner of Williams Partners L.P., it neglects to allege the citizenship of its limited partners.  As the citizenship of all limited partners is a factor in determining the presence of diversity jurisdiction, the Amended Notice of Removal fails to allege necessary facts to determine whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

Since the Court cannot determine whether complete diversity of citizenship exists between the parties, this case is subject to remand.  28 USC § 1447(c); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").   If the Plaintiff can show that diversity of citizenship jurisdiction exists, thereby saving removal, they will be permitted to do so pursuant to 28 U.S.C. § 1653.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The Amended Complaint fails to show the existence of subject matter jurisdiction. However, the Plaintiff will be given an opportunity to amend its complaint to show that diversity of citizenship jurisdiction exists.  Plaintiff will be given twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in this action being dismissed.  An

4

appropriate order follows.


 September 2, 2011                          /s/ A. Richard Caputo

Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAMS FIELD SERVICES
COMPANY, LLC,

      Plaintiff,

         v.

ANTHONY S. KALMANOWICZ
and ANITA L. KALMANOWICZ,
his wife,

      Defendants.

NO. 3:11-CV-1634

(JUDGE CAPUTO)

**<u>ORDER</u>**

    **NOW**, this 2nd day of September, 2011, **IT IS HEREBY ORDERED** that:

1) Within twenty-one (21) days of the date of this Order, the Plaintiff may file an amended

complaint.

2) The Plaintiff's failure to file an amended complaint will result in dismissal of this action.

    /s/ A. Richard Caputo

    A. Richard Caputo
    United States District Judge

6